IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMARA EWING, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GEICO INDEMNITY COMPANY, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | CASE NO. 5:20-CV-165 (MTT) |

## ORDER

Defendants GEICO Indemnity Company, Government Employees Insurance Company, and GEICO General Insurance Company have moved to dismiss, or stay pending appraisal, Plaintiffs' First Amended Complaint.  Doc. 28.  For the following reasons, that motion is **GRANTED in part** and **DENIED in part.**

### I.  BACKGROUND

Plaintiffs Tamara Ewing, Kosmoe Malcom, and Kwanza Gardner were all insured by Defendants.  Doc. 23 ¶ 1.  Plaintiffs were each covered under insurance policies that required "payment on total losses of 'actual cash value.'"  *Id.* ¶ 3.  Actual cash value is defined in the policy as "the replacement cost of the auto or property less depreciation or betterment."  *Id.*  In other words, if an insured vehicle were deemed a total loss, the policy holder would be compensated for the entire replacement cost of the vehicle.

Plaintiffs allege that they each were in a car accident resulting in their insured vehicle being deemed a "total loss."  *Id.* ¶¶ 20, 29, 38.  Plaintiffs further allege Defendants breached their insurance contract with Plaintiffs because Defendants "failed

to pay Plaintiffs and Class Members the mandatory replacement costs on their total loss claims." *Id.* ¶ 3.

The replacement costs that Plaintiffs allege Defendants did not pay are "the Georgia title ad valorem tax ("TAVT"), … a minimum title transfer fee of $18.00, and a minimum license plate transfer fee of $5.00."[1] *Id.* ¶¶ 5, 24, 31, 40.  Specifically, Ewing, who was insured by GEICO Indemnity Company, claims that the final payment tendered to her included neither the applicable TAVT, which amounted to $1,248.87, nor the license plate transfer fee, which amounted to $5.00.  *Id.* ¶¶ 17, 23-24.  Although the replacement costs paid to Malcom and Gardner included the applicable TAVT, neither received the $5.00 license plate transfer fee.  *Id.* ¶¶ 31, 40.  Malcom was insured by Government Employees Insurance Company, and Gardner was insured by GEICO General Insurance Company.  *Id.* ¶¶ 26, 35.

Defendants argue that the Amended Complaint should be dismissed or stayed because Plaintiffs have not complied with a policy provision requiring the parties to submit to an appraisal process. Doc. 28-1 at 5-7.  Defendants also argue that Plaintiffs have not pleaded facts sufficient to support a claim regarding the unpaid title fees, or a claim regarding the unpaid TAVT for Malcom and Gardner.  *Id.* at 7-8.  Defendants seek to dismiss Plaintiffs' claim for declaratory relief because the Plaintiffs have not shown the likelihood of any alleged injury being repeated.  *Id.* at 9-11.  Finally, Defendants argue the Plaintiffs lack standing to assert a claim for Title Fees or TAVT.  *Id.* at 11-12.

---

[1] Plaintiffs do not dispute Defendants' determination of their respective vehicle's value—that amount was paid and is not at controversy.  Doc. 23 ¶ 87.

## II.  STANDARD

### A.  Standing

The Court must resolve Article III standing before it decides a case on the merits. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007) (citations omitted).  "[T]he 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it."  *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Injury involves harms that are "concrete and particularized."  *Id.* (quoting *Lujan*, 504 U.S. at 560).  A concrete injury is one that is real, not abstract.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

### B.  Failure to state a claim

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing Fed. R. Civ. P. 12(b)(6)).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC,* 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III.  DISCUSSION

**A.  Whether compliance with the appraisal clause was required to file suit**

Defendants argue that Plaintiffs' claims must be dismissed, or at least stayed, pending appraisal. Doc. 28-1 at 9-11. Defendants claim that the Plaintiffs' policies contain "an efficient dispute resolution mechanism" that must first be used before suit may be filed. *Id* at 11. The Georgia Supreme Court has held that "an appraisal clause can only resolve a disputed issue of value. It cannot be invoked to resolve broader issues of liability." *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 172, 637 S.E.2d 27, 29 (2006) ("To invoke an appraisal clause to eliminate the larger issue of liability … would be impermissible, as it would expand the scope of the appraisal clause

beyond the issue of value."). Therefore, whether an appraisal clause applies depends on whether a dispute involves a disagreement on coverage or value.

Defendants state that this dispute is over "the amount of loss" and that "the only issue in dispute is whether GEICO paid enough fees." Doc. 28-1 at 11. Plaintiffs, on the other hand, point out that there is no "vehicle value in dispute in this case." Docs. 29 at 4; *see* 23 ¶ 87. Both statements lead to the conclusion that there is a dispute over coverage or failure to pay, and no dispute on the issue of value—the only thing appraisal can resolve under Georgia law. *McGowan*, 281 Ga. at 171, 637 S.E.2d at 28. Furthermore, Defendants admit that Plaintiffs' claims focus more on "challenging GEICO'S practices concerning the payment of TAVT and tag and title transfer fees in settling first-party total loss claims." Doc. 28-1 at 6. Defendants' argument that Plaintiffs must submit to appraisal is without merit; appraisal is unnecessary in this case.

## B. Whether Plaintiffs state a claim for the damages they incurred and whether they have standing to assert those claims[2]

Defendants argue that Plaintiffs' Amended Complaint fails to allege facts that could plausibly state a claim. Doc. 28-1 at 11-12. Specifically, Defendants argue that Malcom and Gardner do not state claims regarding lack of TAVT payment and that none of the Defendants state a claim regarding lack of title fees. *Id* at 12. This is not in dispute: "Plaintiffs admit they do not allege that they suffered damage for *all components* of 'replacement costs' that are due under the Policy provisions requiring payment of replacement costs and taxes and fees." Doc. 29 at 8 (emphasis added). Nonetheless, each Plaintiff has alleged facts sufficient to state a breach of contract

---

[2] The Court recognizes that Defendants are trying to fight the class action battle. The time and opportunity for that will come. But asking the Court to rule that Plaintiffs, individually, cannot state claims for claims they do not allege is not the way to join that battle.

claim against their respective insurer for failure to pay some replacement costs. The fact that some Plaintiffs did not allege they incurred certain damages does not mean they did not state a claim for the damages they did incur.

Properly construed, each Plaintiff individually alleges the following claims: Ewing alleges that her vehicle was insured by GEICO Indemnity. Doc. 23 ¶¶ 17-18. The policy promised to pay all taxes and fees associated with the replacement of a totaled vehicle, and Ewing pointed to this specific provision in the Amended Complaint. Docs. 23 ¶ 5; 23-1 at 9. After her car accident, GEICO Indemnity failed "to pay the mandatory replacement costs including the TAVT and license plate transfer fee." Doc. 23 ¶ 24. Because these costs were not paid, Ewing received less money for her insurance claim than she was entitled to. *Id.* 25. Ewing has pled that she and GEICO Indemnity entered into a valid contract, GEICO Indemnity materially breached the terms of that contract, and Ewing suffered damages because of the breach. Ewing has alleged facts sufficient to withstand a motion to dismiss under Rule 12(b)(6).[3]

Malcom has alleged his vehicle was insured by Government Employees. *Id.* ¶¶ 26-27. The policy promised to pay all taxes and fees associated with the replacement of a totaled vehicle, and Malcom pointed to this specific provision in the Amended Complaint. Docs. 23 ¶ 5; 23-1 at 9. After his car accident, Government Employees did not pay "any amount for license plate transfer fees." Doc. 23 ¶ 31. Because these fees were not paid, Malcom received less money for his insurance claim than he was entitled to. *Id.* ¶ 34. Malcom has pled that he and Government Employees entered into a valid contract, Government Employees materially breached the terms of that contract, and

---

[3] Defendant, in its brief, states it has recently sent Ewing payment for TAVT. When it proves that, perhaps Ewing's claim will be ripe for resolution.

Malcom suffered damages because of the breach.  Malcom has alleged facts sufficient to withstand a motion to dismiss under Rule 12(b)(6).

Gardner has alleged her vehicle was insured by GEICO General.  *Id.* ¶¶ 35-36.  The policy promised to pay all taxes and fees associated with the replacement of a totaled vehicle, and Gardner pointed to this specific provision in the Amended Complaint.  Docs. 23 ¶ 5; 23-1 at 9.  After her car accident GEICO General did not pay "any amount for license plate transfer fees."  Doc. 23 ¶ 40.  Because these fees were not paid, Gardner received less money for his insurance claim than she was entitled to.  *Id.* ¶ 43.  Gardner has pled that she and GEICO General entered into a valid contract, GEICO General materially breached the terms of that contract, and Gardner suffered damages because of the breach.  Gardner has alleged facts sufficient to withstand a motion to dismiss under Rule 12(b)(6).

Finally, extended discussion of standing is not necessary.  Each individual Plaintiff has standing to bring a claim for the damages he or she allegedly suffered.  On the face of the complaint, no Plaintiff brings a claim for damages not allegedly suffered.  Put another way, the Court reads the complaint to assert no claim for an injury not suffered or damages not incurred.

**C.  Whether Plaintiffs have standing to bring a claim for declaratory relief**

In their Amended Complaint, Plaintiffs requested "a declaratory judgment that the GEICO Georgia PPA Policies required and continue to require GEICO to pay full ACV, including TAVT, title transfer fees, and license plate transfer fees on first-party total loss claims," under The Declaratory Judgment Act, 28 U.S.C. § 2201.[4]  Doc. 23 at 22.

---

[4] The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other

Defendants argue that declaratory relief is inappropriate, in part, because the Plaintiffs have not presented an actual controversy.  Doc. 28-1 at 9.

The Declaratory Judgment Act, like Article III of the Constitution, states that for declaratory judgment to be issued there must be an actual controversy.  *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) ("[T]he phrase 'case of actual controversy' in the Act refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III.").  Further, for a plaintiff to seek declaratory judgment in the same suit in which the plaintiff seeks money damages already incurred, the plaintiff "must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future."  *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1214-15 (11th Cir. 2019).  In short, if a plaintiff can be compensated for his injury and if there is no likelihood that the plaintiff will suffer further injury, there is no need for declaratory relief.

Here, the Plaintiffs assert that there is a "reasonable expectation and substantial likelihood that the injuries will continue and be repeated."  Doc. 29 at 14.  However, all the facts alleged in Plaintiffs' Amended Complaint relate to past events.  For Plaintiffs to suffer a future injury resulting from Defendants' same conduct, Plaintiffs must continue to be insured by Defendants under a similar policy, be involved in a car accident where their vehicle is deemed a total loss, and be denied complete compensation for their vehicles' replacement costs.  The likelihood of this injury might raise to a "perhaps" or

---

legal relations of any interested party seeking such declaration, whether or not further relief could be sought."  28 U.S.C. § 2201(a).

"maybe" chance, but that is insufficient.[5]  *Malowner v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999).  The "remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments."  *Brewton v. Liberty Mut. Holding Co., Inc.*, 2016 WL 224124 at *6 (M.D. Ga. Jan. 19, 2016) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).

Plaintiffs attempt to rely on *CHIS, LLC v. Liberty Mut. Holding Co.* to show a plaintiff may have standing to bring a claim for declaratory relief while also bringing a claim for breach of contract.  2015 WL 13450481 (M.D. Ga. May 15, 2015).  Factually, *CHIS* is inapposite.  The plaintiffs there, among other things, sought equitable and declaratory relief for the defendant's failure to assess claims, not just for the failure to pay claims.

The mere possibility that Plaintiffs will suffer damage in the future does not rise to the level necessary to establish that they face a *substantial risk* of future harm from Defendants' behavior.  Plaintiffs do not have standing to bring a claim for declaratory judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Amended Complaint or stay pending appraisal (Doc. 28) is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** as to the claim for declaratory relief, and it is **DENIED** as to the

---

[5] The Court recognizes that Gardner is still insured by GEICO General.  Doc. 23 ¶ 91.  However, the mere possibility that Gardner will suffer damage in the future resulting from the conduct at issue here is nonetheless "simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court."  *O'Shea v. Littleton*, 414 U.S. 488, 498 (1974); *see also Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000).

claim for breach of contact.  The Plaintiffs' claim for Declaratory Judgment (Doc. 23) is

**DISMISSED** without prejudice.


    **SO ORDERED**, this 9th day of October, 2020.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT