IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMARA EWING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-165 (MTT) |
| | ) |
| GEICO INDEMNITY COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court granted class certification on May 19, 2022.  Doc. 89.  Defendants (collectively, "GEICO") moved for reconsideration of the Court's class certification order (Doc. 89) on June 2, 2022.  Doc. 91.  After briefing, the Court held a hearing on GEICO's motion on August 3, 2022.  Doc. 106.  Following that hearing, the parties conducted additional discovery, and the Court held a status conference on October 7, 2022.  Docs. 107; 109; 112.  Because the issues raised by GEICO have been resolved, GEICO's motion for reconsideration (Doc. 91) is **DENIED**.

### I. STANDARD

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. (citation and internal quotation marks omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

## II. DISCUSSION

In its motion, GEICO argued that the Court erred in granting class certification for two reasons.  Doc 91.  First, it argued that "[t]he Court's conclusions that Ewing's claims were typical of the class and that she is an adequate representative were … in error."  Doc 91 at 4.  Second, it argued that the Department of Revenue ("DOR") data from the excel spreadsheets is "inadmissible data" and therefore the Court "erred in concluding that Plaintiffs introduced evidence to support the class certification requirements."  Doc. 91 at 4-5.

### A. Ewing's Appropriateness as a Class Representative

GEICO, raising new facts in its motion, argued that Ewing is inadequate and her claims atypical because she "was not injured by GEICO's failure to use the DOR Manual in calculating taxes for her total loss settlement."  Doc. 91.  It is debatable whether Ewing, who had not been paid TAVT when she filed suit, is no longer an appropriate class representative, but the debate is moot.  Plaintiff Nicholus Johnson can substitute as an adequate class representative.  *See* Doc. 98 at 4 ("Mr. Johnson … was insured by GEICO Indemnity, suffered a total loss, and did not receive the full TAVT due on his claim.").  GEICO does not dispute that Johnson is an appropriate class

representative, but it argued that substitution would be inappropriate because Ewing was inadequate when the class was certified.  GEICO cites no authority to support this position.  Conversely, and as plaintiffs point out, ample authority suggests the opposite—it is favored for a district court to name a new class representative rather than decertify the class.  *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003) (holding that a district court erred when it did not give plaintiffs an opportunity to name a new class representative when the named plaintiff was no longer a member of the class).  Accordingly, the Court will substitute Johnson for Ewing.  *See* Federal Rule of Civil Procedure 23(c)(1)(C) ("an order that grants or denies class certification may be altered or amended before final judgment.").

**B. Class Certification Based on "Inadmissible Data"**

Second, GEICO argued the Court erred because the Court allowed the plaintiffs to use "inadmissible excel spreadsheets obtained from the DOR[.]"  Doc. 91 at 4.  On September 21, 2022, GEICO took a Rule 30(b)(6) deposition of the DOR and that argument fell apart.  The spreadsheets are not inadmissible and they are a part of the database provided by the DOR for TAVT calculations.  GEICO no longer disputes that.

But at the status conference, GEICO raised a new issue.  GEICO is concerned that the plaintiffs' expert's methodology for extracting data from the DOR manual may result in errors.  Although GEICO has denied it, the Court suspects this has been GEICO's real concern all along.[1]  But GEICO was reluctant to put its argument that way because that could be construed as a *Daubert* challenge and the *Daubert* motion deadline has long passed—August 2, 2021.  Doc. 39.  At the status conference, the

---

[1] *See* Doc. 89 at 13 n.11.

Court was sympathetic.  Although the plaintiffs' expert tested his methodology on a sample set and it seemed reliable, the Court acknowledges the possibility that extracting data for a class nearly 40 times the size of the sample set may reveal problems.  Accordingly, the Court assured GEICO they could raise those issues.  As the Court understands GEICO's expert's criticisms of the sample set analysis, these are, in any event, the type of issues routinely resolved in the claims administration process.

## III. CONCLUSION

Because the two narrow issues GEICO presented have been resolved, GEICO's motion for reconsideration is **DENIED**.  Plaintiff Ewing will be dismissed without prejudice once the revised class certification order is filed.

**SO ORDERED**, this 11th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
